**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 99-4521

EDWIN DAVIS, a/k/a Erving Davies,
a/k/a George Smith,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 99-4522

EDWIN DAVIS, a/k/a Erving Davies,
a/k/a George Smith,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-99-33-DWS, CR-98-682-DWS)

Submitted: April 28, 2000

Decided: May 15, 2000

Before MOTZ and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Lourie Augustus Salley, III, Lexington, South Carolina, for Appellant. J. Rene Josey, United States Attorney, Dean A. Eichelberger, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Edwin Davis pled guilty to one count of conspiracy to possess cocaine with intent to distribute, see 21 U.S.C. § 846 (1994), a charge brought against him in South Carolina in No. 98-682, as well as three counts of importing heroin into the United States, see 21 U.S.C. § 951 (1994), charged in Massachusetts in No. 99-33.* The district court departed upward from the guideline range because the heroin was unusually pure. See U.S. Sentencing Guidelines Manual § 2D1.1, comment. (n.9) (1998). Davis received concurrent sentences of seventy-two months imprisonment. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging the departure but indicating that, in his view, there are no meritorious issues for appeal. Davis has been notified of his right to file a pro se supplemental brief, but has not done so.

We have reviewed the departure and find that the district court did not abuse its discretion in deciding to depart or in departing by three offense levels. See Koon v. United States, 518 U.S. 81, 96-100 (1996) (providing standard of review).

_____

*Davis consented to a transfer of the Massachusetts charges to South Carolina.

2

Pursuant to <u>Anders</u>, this court has reviewed the record for reversible error and found none. We therefore affirm the convictions and sentences. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>